KMA ZUCKERT LLC
1350 Broadway, Suite 2410
New York, New York 10018
(212) 991-5914
dloh@kmazuckert.com
David Y. Loh, Esq.

Attorneys for Plaintiff
ZURICH AMERICAN INSURANCE COMPANY
As subrogee of Baxter Limited
File:  448003.00037 DYL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ZURICH AMERICAN INSURANCE COMPANY
As subrogee of Baxter Limited,                                          Docket No.

                             Plaintiff,

       -against-                                                    **COMPLAINT**

M/V "ONE HARBOUR", her engines,
boilers, etc.; *in rem,* WEALTH LINE INC.;
FUKUJIN KISEN KK; OCEAN NETWORK
EXPRESS PTE. LTD. and OCEAN NETWORK
(NORTH AMERICA) INC., *in personam,*

                           Defendant(s).
--------------------------------------------------------X

       Plaintiff, ZURICH AMERICAN INSURANCE COMPANY as subrogee of Baxter

Limited, by its attorneys, KMA ZUCKERT LLC, as and for its complaint herein, alleges upon

information and belief:

## JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure.  The duties and responsibilities of the parties are governed by U.S.

Carriage of Goods by Sea Act, 46 U.S.C. § 30701, formerly 46 U.S.C. § 1300, et seq.

2.     This claim also arises out of the international shipment of cargo which involves issues of

interstate commerce and federal common law, and the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, giving rise to jurisdiction pursuant to 28 U.S.C. § 1331 and 1337.  There also is supplemental jurisdiction under 28 U.S.C. § 1367 in this action.

## THE PARTIES

3.      Plaintiff ZURICH AMERICAN INSURANCE COMPANY, subscribing to Open Policy No. OC 5845250-07, is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  It is authorized to transact business and has transacted business in New York, and is, under Claim Number 5730079244-001, subrogated to the rights and responsibilities of its subrogor, Baxter Limited, and its subsidiary, affiliated or related companies, by virtue of its payment of $80,300.51, plus additional expenses, which provides for coverage for transit-related damage or loss arising from the international carriage of cargo.

4.      Defendant WEALTH LINE INC. is a foreign corporation or other business entity organized under the laws of Panama and is the registered owner of M/V "ONE HARBOUR," with a place of business located at c/o  Fukujin Kisen Co Ltd (also known as Fukujin Kisen KK), 8-55, Kitahiyoshi-cho 2-chome, Imabari-shi, Ehime-ken, 794-0054, Japan.

5.      Defendant FUKUJIN KISEN CO. LTD. is a foreign corporation or other business entity organized under the laws of Japan, and is the ship manager for Motor Vessel "ONE HARBOUR," with a principal place of business located at 8-55, Kitahiyoshi-cho 2-chome, Imabari-shi, Ehime-ken, 794-0054, Japan.

6.      Defendant OCEAN NETWORK EXPRESS PTE. LTD. is a foreign corporation or other business entity organized under the laws of Singapore, with a place of business located at 7 Straits

View, #16-01 Marina One East Tower, Singapore 018936, and issued a bill of lading for the cargo which is the subject of this lawsuit and more fully described in Schedule "A".

7.      Defendant OCEAN NETWORK EXPRESS (NORTH AMERICA) INC. is a corporation or other business entity organized under the laws of the Commonwealth of Virginia, with a principal place of business located at 8730 Stony Point Parkway, Suite 400, Richmond, VA 23235, and issued a bill of lading for the cargo which is the subject of this lawsuit and more fully described in Schedule "A".

8.      Upon information and belief, Defendant OCEAN NETWORK EXPRESS (NORTH AMERICA) INC. is a general agent in the United States for Defendant OCEAN NETWORK EXPRESS PTE. LTD. and is authorized to accept service of process for Defendant OCEAN NETWORK EXPRESS PTE. LTD.

9.      Defendants, at all times hereinafter alleged, were common carriers engaged in transportation pursuant to various federal statutes governing the international, interstate and intrastate carriage of goods.

10.     At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated above, and were and now are engaged as warehousemen, bailees, or common carriers of merchandise and/or owned, operated, managed, chartered and controlled the referenced vessels or other conveyances.  The vessels are now, or will be within the jurisdiction of this Court during the pendency of this action.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF COMMON CARRIAGE

11.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "10" of this complaint as if more fully set forth herein.

12.     On or about the dates and at the ports of shipment stated in Schedule "A", attached hereto and by this reference made a part hereof, there was delivered to the vessels or other conveyances and defendants in good order and condition, the shipment described in Schedule "A", which said vessels or other conveyances and defendants received, accepted and agreed to transport for certain consideration.

13.     Thereafter, the said vessels or other conveyances and defendants delivered the shipment, however, not at the port of destination described in Schedules "A", and the aforesaid shipments were short, missing and/or damaged.

14.     By reason of these premises, the referenced vessels or other conveyances and defendants breached, failed and violated their duties and obligations as carriers, warehousemen, and bailees, or were otherwise at fault.

15.     Plaintiff's subrogor was the shipper, consignee, owner, or underwriter of the shipment described in Schedule "A", and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

16.     Plaintiff and Plaintiff's subrogor have duly performed all duties and obligations on its part to be performed.

17.     By reason of these premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $80,300.51, plus transit-related costs and prejudgment interest from October 22, 2022.

## AS AND FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE

18.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs

4

"1" through "17" of this complaint as if more fully set forth herein.

19.    Defendants their agents, servants and employees conducted themselves during the custody, control, handling, transportation and care of such property in a negligent manner and in such a way as to be totally oblivious to plaintiff's and its agents' rights in such property.

20.    Defendants' willful negligence and improper conduct with respect to the custody, control, handling, transportation and care of such property resulted in loss, damage and deterioration to the cargo.

21.    By reason of defendants' willful negligence and improper conduct, plaintiff has been damaged in the sum of $80,300.51, plus transit-related costs and prejudgment interest from October 22, 2022.

**AS AND FOR A THIRD CAUSE OF ACTION**
**GROSS NEGLIGENCE**

22.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "21" of its complaint as if fully set forth at length herein.

23.    The loss and/or damage of plaintiff's cargo was proximately caused by the gross negligence of defendants, jointly and/or severally, in total disregard of their respective obligations to properly transport, store, secure and/or handle the shipment, and generally acting in a manner so as to totally disregard their respective duties and obligations to keep and provide for the proper safety of the shipment.

24.    As a result of the gross negligence of defendants, jointly and/or severally, plaintiff has sustained damage in the sum of $80,300.51, plus transit-related costs and prejudgment interest from October 22, 2022.

## AS AND FOR A THIRD CAUSE OF ACTION
### <u>BREACH OF CONTRACT</u>

25.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" of this complaint as if more fully set forth herein.

26.     Defendants agreed to provide certain services pursuant to a certain bill of lading contract for the international carriage of cargo as further described in Schedule "A" in exchange for a sum certain.

27.     Defendants received the cargo in good condition, failed to provide the requested services as promised, and their failure to provide said services was the proximate cause of the loss of the cargo, entrusted to them, jointly and/or severally, resulted in the cargo becoming short, damaged, and/or destroyed.

28.     That in willful breach of their obligation to provide the requested services, resulted in defendants damaging the cargo.

29.     That by reason of defendants' joint and several willful breach of its bailment obligation, plaintiff has been damaged in the sum of $80,300.51, plus transit-related costs and prejudgment interest from October 22, 2022.

WHEREFORE, plaintiff requests:

(a) That process in due form of law according to the practice of this Court may issue against these defendants.

(b) That if defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

(c) That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in this complaint, together with interest and costs.

6

(d) That in the event there is an arbitration clause which governs this dispute, the complaint

be deemed a demand for arbitration in accordance with the terms and conditions of that

arbitration clause.

(e) Plaintiff further requests such other and further relief as to this Court may seem just and

proper.

Dated:  New York, New York
       October 20, 2023

                              KMA ZUCKERT LLC
                              Attorneys for Plaintiff
                              HERCULES OEM GROUP and its subrogated
                              cargo insurers

By: _____
                              David Y. Loh
                              1350 Broadway, Suite 2410
                              New York, N. Y.  10018
                              Tel. (212) 991-5914
                              Our File:  448003.00037 DYL

### SCHEDULE A

Shipper:                         BAXTER EXPORT CORPORATION

Consignee:                       BAXTER LIMITED

Vessel:                          "ONE HARBOUR" Voy. 092W

Place of Receipt:                Mountain Home

Port of Loading:                 Los Angeles, California

Date of Shipment:                October 22, 2022

Bills of Lading:                 ONEYRICCKV099400

Port of Discharge:               Tokyo, Japan

Nature of Loss:                  physical damage/pilferage/unfit to sale and use at destination

Shipment:                        Container No. TRLU9486760 said to contain hospital medical products parts

Amount of Loss:                  $80,300.51, plus transit-related costs and prejudgment interest from October 22, 2022

KMAZ File No.:                   448003.00037 DYL

Zurich Ref:                      5730079244-001